## UNITED STATES v. BUSH et al.

(District Court, W. D. New York. December 16, 1920.)

1. **Criminal law ⬅⬆395—Property obtained by illegal search and seizure cannot be used as evidence of crime.**

    The Fourth and Fifth Amendments to the Constitution protect the citizen from the use against him as evidence of crime, not only of private books and papers, but of any article or property obtained by means of an illegal search and seizure.

2. **Indictment and information ⬅⬆10—Indictment cannot be based on evidence obtained by illegal search and seizure.**

    An indictment for receiving stolen property cannot be based on evidence found and seized by government agents while searching defendant's dwelling for intoxicating liquors under an illegal warrant.

3. **Indictment and information ⬅⬆10—Indictment based on evidence illegally obtained held invalid.**

    That a defendant was arrested by a city police officer does not validate a federal indictment based solely on evidence obtained by federal agents through an illegal search and seizure.

Criminal prosecution by the United States against Catherine Bush and another. On motion to quash indictment. Motion sustained.

⬅⬆For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Stephen T. Lockwood, U. S. Atty., of Buffalo, N. Y. (John T. Walsh, Sp. Asst, U. S. Atty., of Buffalo, N. Y., of counsel), for the United States.

William W. Dickinson, of Buffalo, N. Y., for defendants.

HAZEL, District Judge. The defendant Catherine Bush was indicted for criminally receiving stolen property in violation of the so-called Carlin Act passed by Congress in 1913. At a preliminary hearing before Commissioner Keating she was discharged on the ground that the evidence against her was procured by an unreasonable search and seizure. The conceded facts are that prior to the arrest prohibition enforcement agents with an invalid search warrant searched the premises of the defendants for intoxicating liquors, and in doing so discovered a case of stolen underwear. They arrested the defendants, notified the railroad police, and the underwear was seized. The commissioner decided, not only that the seizure was in violation of the constitutional rights of the accused, but also that the search warrant was invalid.

[1] It is contended by the United States attorney that the search for and seizure of stolen articles is governed by a different principle from that of the seizure of private books and papers; that in Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, the Supreme Court clearly differentiated searches and seizures of one's private papers and of stolen property. But I am of opinion that the principle of law laid down in the Boyd Case applies generally to search and seizure of one's house, property, and effects, and is not limited to the seizure of a man's private papers to be used as evidence against him. There is language found in the opinion from which it may be supposed that a distinction exists between seizure of a man's private papers to be used against him and a search and seizure of stolen goods.

The private papers of an individual cannot be seized at all to incriminate him, while stolen goods are subject to search and seizure on a proper warrant. The Fourth and Fifth Amendments must be read together, and upon doing so it is ascertained, I think, that in the Boyd Case the Supreme Court not only decided the law with reference to unlawful search and seizure of one's books and papers, but also that it was an invasion of the rights of personal security to enter one's home and rummage his boxes and drawers in the search for property, and an extortion "of a man's own testimony or of his private papers to be used as evidence to convict him of crime."

[2] In the present case the seizure consisted not only of taking the underwear in the possession of the accused without a valid search warrant, but the effect of the search and seizure was to compel the defendant Catherine Bush, by reason of her possession, to give evidence against herself without which concededly the indictment would not have been found. It is a general rule that nothing will justify searching a dwelling for stolen property without a warrant for that purpose, unless consented to by the person whose domain is under search. 35 Cyc. 1267. The basis for the issuance of a search warrant to recover

stolen goods has only slightly been changed by statute, since Lord Camden rendered his notable decision in Entick v. Carrington, 19 Howell's State Trials, 1029, wherein he quotes from Lord Coke:

"There must be a full charge upon oath of a theft committed. * * * The owner must swear that the goods are lodged in such a place. * * * He must attend at the execution of the warrant to show them to the officer, who must see that they answer the description."

In Weeks v. U. S., 232 U. S. 383, 34 Sup. Ct. 341, 58 L. Ed. 652, L. R. A. 1915B, 834, Ann. Cas. 1915C, 1177, the Supreme Court says:

"The United States marshal could only have invaded the house of the accused when armed with a warrant issued as required by the Constitution, upon sworn information and describing with reasonable particularity the thing for which the search was to be made."

Hence a search for stolen goods upon a valid warrant and seizure is a legal procedure, but a search and seizure is illegal and unreasonable under the Fourth Amendment of the Constitution, when conducted without first obtaining a legal warrant upon probable cause, supported by oath or affirmation, and as the Constitution provides, particularly describing the place to be searched and the person or things to be seized. Evidence obtained by an invalid search and seizure to prove possession is in effect a requirement that the accused be a witness against himself. Silverthorne Lumber Co., Inc., v. U. S., 251 U. S. 385, 40 Sup. Ct. 182, 64 L. Ed. 319; Flagg v. U. S., 233 Fed. 481, 147 C. C. A. 367. Indeed, in the Flagg Case clues, leads, and information developed from an illegal search and seizure were held inadmissible against the defendant. See, also, Edelstein v. U. S., 149 Fed. 636, 79 C. C. A. 328, 9 L. R. A. (N. S.) 236.

[3] The government next contends that the arrest was made by a city police officer, a stranger to the proceedings, and therefore this court should not inquire into the manner in which the evidence was obtained. Adams v. N. Y., 192 U. S. 585, 24 Sup. Ct. 372, 48 L. Ed. 575; Youngblood v. U. S. (C. C. A.) 266 Fed. 795. The facts, however, are not widely different from the Flagg Case, where the evidence was brought to the federal building by a policeman who acted, the court held, as agent of the government. It makes no difference that a city police officer actually made the arrest in the belief that a felony had been committed. Certainly the clues and leads and information necessary to find the indictment were procured by government officials. In People v. Kinney, 185 N. Y. Supp. 645, recently decided by Judge Brown, of the Supreme Court of the state of New York, it was shown that a policeman having a search warrant authorizing a search of the home of the defendant for opium in conducting the search found a concealed loaded revolver, seized it, and later an indictment was found against defendant for having in his possession a revolver without a permit. The indictment on motion was dismissed. So here the officers possessed no proper search warrant for searching the home of the accused and seizing any stolen property, and therefore their discovery or information unlawfully acquired could not be used as a basis for an indictment for criminally receiving stolen property.

Since the evidence before the grand jury was clearly based upon insufficient and incompetent evidence and disregarded the rights of the accused, the indictment must be, and it hereby is, quashed.