THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* CARMELO LAFARO, Appellant.*

HASBROUCK, J. (dissenting): The defendant was indicted for the crime of bribery. He is accused of giving one Dana Boyle, a police officer of the village of Waverly in this State, twenty dollars and of promising to give said officer twenty dollars every month thereafter to influence said officer in respect to his acts and decisions in the exercise of his duty and function by asking said officer to refrain from instituting a criminal proceeding against him in the Federal court of the United States for a violation of the National Prohibition Act contrary to the form of the statute, etc. The appellant claims that Boyle as police officer of Waverly had no duty and no function of prosecution under such Federal act. That act provides by sections 28 and 38 of title 2 what officers are charged under the Federal law with its enforcement. It has been distinctly held in *Gambino* v. *United States* (275 U. S. 310) that "the term 'any officer of the law' used in § 26 refers only to Federal officers." No duty or function thus resided in Boyle to prosecute Lafaro in the Federal courts under the Federal law. Speaking of troopers (State Troopers) in the *Gambino* case, Mr. Justice BRANDEIS wrote for the court: "Whether the laws of the State actually imposed upon the troopers the duty of aiding the Federal officials in the enforcement of the National Prohibition Act we have no occasion to enquire." In the case at bar such indifference is not possible. The inquiry challenges us as to whether there rests upon the village policemen the duty and function to prosecute violators of the Federal act. The duty and function of a village policeman are provided in the Village Law: "§ 189. Powers and duties of policemen. The policemen so appointed shall have all the powers and be subject to the duties and liabilities of constables of towns in serving process in any civil action or proceeding. Said policemen shall have power to execute any warrant or process issued by justices of the peace of the county or counties in which such village is situated." The village policeman is like a town constable only in his civil duty or function. No law of the State is familiar to me that casts any duty or function on the village policeman to prosecute violations of the Federal law. The only duty he has in that respect is that of the ordinary citizen. Prosecuting individuals for crime is a serious responsibility. The Federal laws provide that the "agents, and inspectors, and all other officers of the United States, whose duty it is to enforce criminal laws, shall have all the power and protection" which the Federal laws provide. (Nat. Pro. Act [41 U. S. Stat.

* Affd., 250 N. Y. 336.

at Large, 316], tit. 2, § 28.) *  It must follow that if Boyle had no official duty or function of enforcing the National Prohibition Act he could not be bribed officially. From the foregoing it clearly appears that the duty of enforcing the National Prohibition Act and the duty of enforcing the State law against possessing or selling intoxicating liquor in a billiard room (Penal Law, § 348, subd. 5) † are two different things.  Thus an indictment of bribery charging the first cannot be supported by proof of bribery to permit the second.  (*People* v. *Cook*, 220 App. Div. 110; affd., 248 N. Y. 597; *People* v. *Harvey*, 235 id. 282, 295; *People* v. *Salomon*, 212 id. 446.)