## UNITED STATES v. DE BOUSI.

District Court, D. Massachusetts. May 20, 1929.

### No. 8749.

Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass.

Nunziato Fusaro and Fusaro & Fusaro, all of Worcester, Mass., for defendant.

BREWSTER, District Judge. This is a motion to suppress evidence obtained by state and federal officials who searched a private dwelling house of one Ferro.

The essential facts are that without any search warrant state officials, acting at the instigation of federal prohibition agents and in co-operation with them, proceeded to a private dwelling house of one Ferro. Upon search of the premises they found a still and a quantity of intoxicating liquors, which were seized. The defendant was on the premises and claimed to be the owner of the still and of the liquors. No arrest was made at the time of the search. For the purposes of the motion, it must be assumed that he was on the premises with the consent of the owner, and that he asserted a right to occupy the premises and dominion over, and ownership in, the seized property.

A search of a dwelling house without a warrant cannot now be upheld under the circumstances here disclosed. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409; McGuire v. United States, 273 U. S. 95, 47 S. Ct. 259, 71 L. Ed. 556.

An unlawful search and seizure by state officials co-operating with federal agents violates the Fourth Amendment to the Constitution and generally renders the evidence obtained as a result of such unlawful search and seizure inadmissible. Byars v. United States, 273 U. S. 28, 34, 47 S. Ct. 248, 71 L. Ed. 520; Gambino v. United States, 275 U. S. 310, 314, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381.

This much the government concedes, but contends that the defendant, not being the owner of the private dwelling that was unlawfully searched, cannot invoke the protection of the Fourth Amendment to compel the exclusion of testimony obtained as a result of the unlawful search and seizure. It has been held in this court that one who disclaims any interest in the premises searched and the property seized cannot take advantage of the illegality of the search and seizure.

United States v. Mandel (D. C.) 17 F.(2d) 270; Klein v. United States (C. C. A.) 14 F.(2d) 35. The same result has been reached in other jurisdictions. McMillan v. United States (C. C. A.) 26 F.(2d) 58; Graham v. United States (C. C. A.) 15 F.(2d) 740; Chicco v. United States (C. C. A.) 284 F. 434.

The government now seeks to extend the doctrine announced in this court in the case of United States v. Mandel, supra, to a defendant who occupies, as lessee or licensee, a dwelling house and who claims to own the property unlawfully seized. I do not think the doctrine should be thus extended. It will be noted that in the Mandel Case the government offered to show that the defendants had no interest as lessees or owners in the premises searched or in the property seized. The question which was decided was whether defendants who thus disclaimed any ownership, both as to the premises and to the property seized, could question the legality of the search. I do not find in any of the cases where the evidence obtained upon wrongful search and seizure has been admitted that the defendant had or asserted any rights in the premises searched or in the property seized. If there is any authority for the present contention of the government, it has not come to my attention. Recent decisions of the Supreme Court, cited above, the provisions of the Prohibition Act, and the penalties of the Willis-Campbell Act (Act Nov. 23, 1921, 42 Stat. 222), emphasize so strongly the unreasonableness, consequently unlawfulness, of a search of a private dwelling house without a warrant, that evidence obtained as a result of any infraction of the rule ought to be excluded in every case unless the court is satified beyond doubt that the defendant cannot claim the protection of the Fourth and Fifth Amendments.

In Byars v. United States, supra, Mr. Justice Sutherland observed:

"The Fourth Amendment was adopted in view of long misuse of power in the matter of searches and seizures both in England and the colonies; and the assurance against any revival of it, so carefully embodied in the fundamental law is not to be impaired by judicial sanction of equivocal methods, which regarded superficially, may seem to escape the challenge of illegality but which, in reality, strike at the substance of the constitutional right."

The defendant's motion is allowed.