## UNITED STATES v. VALISIO.
### No. C–26846.

District Court, E. D. New York.
May 20, 1930.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (J. Bertram Wegman, of New York City, of counsel), for plaintiff.

Louis Halle, of New York City, for defendant.

BYERS, District Judge.

This is a motion to suppress evidence, made by the defendant, who was arrested on the morning of January 4, 1929, at one o'clock, by a constable in the town of Huntington, in this district.

The defendant was driving a truck on Jericho turnpike, headed west and displaying one (side) light, but no tail-light. The constable stopped him, and then the lights were turned on. The defendant's chauffeur's license was demanded, but he failed to produce it. The constable then asked the defendant what he had on the truck, and the latter answered: "Potatoes." The name of the owner was demanded, and the defendant said that he did not know it. Thereupon the constable searched the truck and found 110 cases of assorted liquors, namely, scotch and rye whisky, and he thereupon placed the defendant under arrest, charging him with a violation of the Prohibition Law (27 USCA), namely, transportation and possession.

No arrest was made at any time because of defendant's failure to produce his chauffeur's license, nor was any summons served, and the same applies to the defendant's fail-

ure to display proper lights when he was driving the truck.

It is conceded that the liquor seized was of the prohibited alcoholic content and fit for beverage purposes.

The question presented is whether the motion to suppress the evidence should be granted because of the illegal search.

It is clear, from the constable's testimony, that he made the arrest for violation of the federal statute in question, and it seems clear that he had no right to do so, under the authority of Gambino v. United States, 275 U. S. 310, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381.

The facts in this case are clearly to be distinguished from those presented in United States v. Jankowski (C. C. A.) 28 F.(2d) 800, and Marsh v. United States (C. C. A.) 29 F.(2d) 172.

In both of those cases, the arresting officer testified that he saw liquor in the car involved, and thereupon made the arrest, and, in each instance, the court said that the search was not illegal, because the officer was presented with evidence that a federal law was being violated.

In this case, the testimony shows that the officer was not apprized of any violation of a federal law until he made the search.

It is obvious that, if an arrest had been made for a violation of the state statutes, arising from the failure of the defendant to present his chauffeur's license, or from his failure to operate the truck with proper lights displayed, the constable would have strictly performed his duty; no search of the truck would have been required to establish a violation of the state statute. It seems equally clear that, under the authority of the Gambino Case, that which he did lacks the sanction of law.

Therefore, the motion must be granted.

In the case of United States v. Kirschenblatt, 16 F.(2d) 202, 51 A. L. R. 416, a writ of error to an order of the District Court for the Southern District of New York was entertained by the Circuit Court of Appeals in this district, and a decision thereon rendered upon the merits, and the defendant's brief upon this motion contains the following language: "Regardless of how the Court may view this particular proceeding, we do not intend, if successful, to raise any objection to the Government's right of appeal, * * *."

Settle order on two days' notice.