## UNITED STATES v. MYERS.
### No. 6619.

District Court, M. D. Pennsylvania.
Jan. 19, 1931.

Andrew B. Dunsmore, U. S. Atty., of Wellsboro, Pa., and Herman F. Reich, Asst. U. S. Atty., of Sunbury, Pa.

Cloyd Steininger, of Lewisburg, Pa., for defendant.

JOHNSON, District Judge.

This is a petition of the defendant, William Myers, praying that the United States government be restrained from using the evidence obtained by officers of the commonwealth of Pennsylvania under a search warrant issued by a justice of the peace of the commonwealth of Pennsylvania. Defendant's premises, located on St. Louis street in the borough of Lewisburg, were searched by state officers on authority of this search warrant which described the premises as located on St. Catherine street in the borough of Lewisburg. At the time of the search of the defendant's premises and the seizure of certain liquors therein, the officers were engaged in the enforcement of the prohibition laws of the commonwealth of Pennsylvania without any co-operation with the federal authorities or officers and without any understanding prior to or at the time of the search that any evidence obtained would be used in a federal prosecution. Subsequent to the search and seizure by the state officers, the fact of the search and seizure by them was ascertained by the federal authorities, who then proceeded to use the evidence obtained by the state officers in prosecution of the defendant on an indictment found in the Federal Court for the Middle District of Pennsylvania.

The defendant contends that the search warrant for the search of defendant's premises, improperly describing the property as located on St. Catherine street instead of St. Louis street in the borough of Lewisburg, was invalid, and that the search of the defendant's premises and the seizure of his goods thereunder were illegal, and that the evidence obtained thereby should be suppressed and not used in a prosecution of the defendant in the Federal District Court for a violation of the National Prohibition Law.

The government contends that the state officers were acting solely in the enforcement of the state prohibition laws and without any co-operation or understanding with the federal prohibition authorities, and that the Fourth Amendment to the Federal Constitution, forbidding unreasonable searches and seizures, refers to governmental action, and is not invaded by unlawful acts of individuals or state officers in which the government has no part.

The contention of the government in this case is correct and must be sustained. Where evidence is obtained, even though unlawfully as in this case, by state officers acting entirely upon their own account in the enforcement of state laws and without any co-operation or understanding with the federal authorities for the enforcement of federal laws, such evidence is admissible in a prosecution in the federal courts. Burdeau v. McDowell, 256 U. S. 465, 41 S. Ct. 574, 65 L. Ed. 1048, 13 A. L. R. 1159; Byars v. United States, 273 U. S. 28, 47 S. Ct. 248, 71 L. Ed. 520; Gambino v. United States, 275 U. S. 310, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381.

In Burdeau v. McDowell, supra, it was held: "The United States may retain for use as evidence in the criminal prosecution of their owner, incriminating documents which are turned over to it by private individuals who procured them, without the participation or knowledge of any government official, through a wrongful search of the owner's private desk and papers in an office."

In Byars v. United States, supra, on page 33 of 273 U. S., 47 S. Ct. 248, 250, Mr. Justice Sutherland, delivering the opinion of the court, said:

"We do not question the right of the federal government to avail itself of evidence improperly seized by state officers operating entirely upon their own account. But the rule is otherwise when the federal government itself, through its agents acting as such, participates in the wrongful search and seizure."

In Gambino v. United States, supra, relied on chiefly by the defendant, it was held that: "If it appears from the evidence or from facts of which the Court will take judicial notice, that, in making a search and seizure, state officers were acting solely on behalf of the United States, evidence thus obtained is inadmissible in a prosecution in a federal court if the circumstances of the search and seizure were such as to render it unlawful."

In the Gambino Case, Mr. Justice Brandeis on page 314 of 275 U. S., 48 S. Ct. 137, delivering the opinion of the court, said:

"But National Prohibition Act Oct. 28, 1919, c. 85, tit. 2, § 2, 41 Stat. 305, 308 (27 USCA § 11), contemplated some co-operation between the state and the federal governments in the enforcement of the act. Thus section 2 made applicable the provisions of section 1014 of the Revised Statutes (18 USCA § 591), whereby state magistrates were authorized, 'agreeably to the usual mode of process against offenders in such state, and at the expense of the United States,' to arrest and imprison, or bail, offenders against any law of the United States for trial before the federal court, and to require 'recognizances of witnesses for their appearance to testify in the case.' Section 2 also gave specific authority to the state magistrates to issue search warrants under the limitations fixed by the federal statutes. Act June 15, 1917, c. 30, tit. 11, 40 Stat. 217, 228 (18·USCA § 611 et seq.). Evidence obtained through wrongful search and seizure by state officers who are co-operating with federal officials must be excluded. See Flagg v. United States (C. C. A.) 233 F. 481, 483, approved in Silverthorne v. United States, 251 U. S. 385, 392, 40 S. Ct. 182, 64 L. Ed. 319 [24 A. L. R. 1426]. In Byars v. United States, 273 U. S. 28, 34, 47 S. Ct. 248, 71 L. Ed. 520, evidence obtained by state officers through search and seizure, made without 'a' warrant and without probable cause, but in the presence of a federal official, was held inadmissible. The question here is whether, although the state troopers were not agents of the United States, their relation to the federal prosecution was such as to require the exclusion of the evidence wrongfully obtained.

"The Mullan-Gage Law—the state prohibition act—had been repealed in 1923. Act June 1, 1923, c. 871; Laws N. Y. 1923, p. 1690. There is no suggestion that the defendants were committing, at the time of the arrest, search, and seizure, any state offense, or that they had done so in the past; or that the troopers believed that they had. Unless the troopers were authorized to make the arrest, search, and seizure because they were aiding in the enforcement of a law of the United States, their action would clearly have been wrongful, even if they had had positive knowledge that the defendants were violating the federal law. No federal official was present at the search and seizure, and the defendants made no attempt to establish that the particular search and seizure was made in co-operation with federal officials. But facts of which we take judicial notice (compare Tempel v. United States, 248 U. S. 121, 130, 39 S. Ct. 56, 63 L. Ed. 162), make it clear that the state troopers believed that they were required by law to aid in enforcing the National Prohibition Act, and that they made this arrest, search, and seizure, in the performance of that supposed duty, solely for the purpose of aiding in the federal prosecution."

And on page 317 of 275 U. S., 48 S. Ct. 137, 139, Mr. Justice Brandeis, said: "The conclusion here reached is not in conflict with any of the earlier decisions of this court in which evidence wrongfully secured by persons other than federal officers has been held admissible in prosecutions for federal crimes. For in none of those cases did it appear that the search and seizure was made solely for the purpose of aiding the United States in the enforcement of its laws."

For the reasons above stated and on the authorities above cited, the petition for the suppression of the evidence and the return of the defendant's property secured under the search warrant must be dismissed.

And now, January 19, 1931, the petition and rule granted thereon for the suppression of evidence and return of defendant's goods are dismissed.