## ZIMMY v. UNITED STATES.
### No. 4800.

Circuit Court of Appeals, Third Circuit.
Aug. 2, 1932.

Frederic M. P. Pearse, of Newark, N. J., and Louis Halle, of New York City, for appellant.

Phillip Forman, U. S. Atty., of Trenton, N. J., and Douglas V. Aitken, Asst. U. S. Atty., of Bridgeton, N. J.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

This is an appeal by John Zimmy from a decree of the court below adjudging, inter alia, that several hundred barrels of whisky were forfeited to the United States and ordered destroyed.

The proofs tended to show that on October 16, 1930, a police lieutenant of Newark, N. J., and a squad of his officers, accompanied members of the Bureau of Combustibles of that city and police firemen, while inspecting buildings for fire risks. Outside the house at 132 Rome street they detected a pronounced odor of alcohol. The lieutenant tried to enter the building by rapping, but met with no response until one man finally appeared who was taken into custody. He said there were other men inside. All the windows of the building were bricked up with the exception of two rear ones on the second floor. Thereupon two fire policemen got a ladder and entered through these windows. On their report of what they saw, Lieutenant White entered. His testimony was:

"I went up the ladder and into the second floor of this building and there were approximately 600 barrels on that floor, a great many of them filled with a beverage or a liquid. There was several barrels of fifteen-gallon capacity. There was also a number of demijohns of one-gallon capacity filled with a beverage or liquid.

"I returned and went downstairs again by way of the ladder. At that time the door was opened on the first floor and there was some more barrels on the first floor, about 150 marked Calvert rye, St. Pierre, Canada.

"I then left the building in charge of Sergeant Wagner and went to police headquarters and notified the chief of our department of what I had found. He instructed me to communicate with the Prohibition Administrator, Mr. Tutt, who I never met before, and he came to police headquarters, and with our chief of police and Mr. Tutt and some of his agents I returned to the building at 132 Rome Street and the building was turned over to the Prohibition Administrator and he completed the seizure."

The city officials who made the search acted wholly on their own initiative. On their discovering this large amount of contraband liquor, they turned it over to the charge of the federal officers, who had no previous knowledge of what the city officials did. At the trial it was admitted the liquor was contraband. Pursuant to our rule, counsel for the appellant state, "The question involved is whether or not the seizure was rightful and will support the libel." In support of that contention, counsel for claimant urge—we quote from his brief:

"We contend that from the testimony, sufficient is shown to prove beyond peradventure of doubt, that the city police and firemen were cooperating with United States officers and that the raid which was made was solely for the purpose of obtaining evidence upon which a Federal prosecution might be based. * * *

"We still insist that the facts justified the conclusion that the search by the police and firemen was solely in aid of a federal prosecution and brings them within the rule laid down in the Gambino Case, 275 U. S. 310 [48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381], and nothing which we have urged here is in conflict with the decision of this

524

court in the case of United States v. Miller [C.-C. A.] 50 F. (2d) 505."

The *court* below found the police acted "without participation or collusion on the part of the Federal officers." The proof of the government was to the same effect and no testimony to the contrary was produced by the other side. On this question of fact we agree with the finding of the trial judge. The present case is not in line with the Gambino Case, 275 U. S. 310, 48 S. Ct. 137, 72 L. Ed. 293, 52 A. L. R. 1381, but is in line with U. S. v. Miller (C. C. A.) 50 F. (2d) 505.

■ Seeing then that the sole question as stated above should be, and is, decided against the claimant, we may add that there is another reason why this appeal must be dismissed, namely, the question of the legality of the entry into the warehouse is not called in question by the owner of the building. If his rights were violated, he does not complain. The entry of the officers not being complained of, how stands the liquor found on such premises? The libel was in rem. The property involved was in the possession of the government when the libel was filed. No person was named as owner, for then, as now, no ownership was known or shown. True, one John Zimmy, who was not a party to the proceeding, filed an answer alleging he was the owner of the whisky, but he made no proof thereof at the trial, nor is it now even contended he had any interest, possession, or ownership of the warehouse that was entered. It is evident that his claim that his constitutional rights were violated, and that these six hundred barrels of contraband liquor should be surrendered to him, is without foundation. In addition thereto, we note what was held by this court in Agricultural Chemical Works, Intervener-Claimant, etc., v. United States, 60 F. (2d) 522: "The Agricultural Chemical Works alleged in its answer that, 'the said items (drums of alcohol) were in its possession at the time of the taking thereof and that no other person or corporation is entitled to the possession thereof.' If by this allegation, the appellant meant to plead title to the alcohol, it did not offer any evidence in support thereof and so the ownership has not been established. If it had been, it would not have helped appellant for the alcohol was of illegal content, the possession thereof unlawful and 'no property rights shall exist in any such liquor.' National Prohibition Act, tit. 2, § 25 (section 39, tit. 27, USCA)."

The decree below is affirmed.