## UNITED STATES v. DIGREGORIO.

District Court, W. D. New York.
Jan. 24, 1936.

Thomas J. Runfola, of Jamestown, N. Y. (John J. Carlo, of Buffalo, N. Y. of counsel), for the motion.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Robert M. Hitchcock, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), opposed.

RIPPEY, District Judge.

On March 4, 1935, police officers of the city of Jamestown, N. Y., made a search of defendant's premises (a private dwelling) at 122 Crescent street, under a search warrant, based on an affidavit dated March 2, 1935, and issued by a city court magistrate of the city of Jamestown, N. Y., and seized certain books containing records of sales of alcohol over a period of fourteen months and a quantity of nontax-paid alcohol and arrested the defendant. If a decision were proper or necessary on that question, there was ample evidence showing that the state officers had probable cause for the issuance of the warrant and a search of the premises and the search was not unreasonable. However, the city police were not then acting as agents of the federal government or in conjunction with any representatives of the federal government.

The information on which the warrant was issued states that the place searched "is a large source of supply of the illegal alcohol that is being sold in Jamestown." At the time this warrant was issued and search and seizure made by the Jamestown police, the Alcoholic Beverage Control Law (Consol. Laws, c. 3-B) of the state of New York (chapter 478 of the Laws of 1934) was in effect. The manufacture for sale or the sale at wholesale or retail of any alcoholic beverage within the state without a license therefor was prohibited (section 100, c. 478, Laws 1934), and violation of the prohibited manufacture or sale was made a misdemeanor (section 130). Defendant had no license. The federal agent had no information or knowledge of the proceedings leading up to the warrant or of the search or seizure or arrest until after these steps had been taken and defendant landed in the Jamestown police station. From the evidence before the court it is clear that the police officers were acting on their own account on the assumption that there was a violation of the laws of the state of New York and not as agents of the federal government. There was no evidence that the search was a subterfuge to aid a federal prosecution. There is no evidence that any federal officer or agent of the federal government participated in the search.

On the afternoon of March 4, 1935, after the city officers made the search and seizure and had taken the alcohol, books, and defendant to the police station, they notified an investigator of the Alcohol Tax Unit of the Bureau of Internal Revenue of the United States Treasury Department who thereafter went to the police station, and the evidence now sought to be sup-

pressed and the defendant were turned over to him. Defendant was then arraigned before a United States Commissioner for violation of the Internal Revenue Laws of the United States. The agent made no search of the premises at any time. The United States Commissioner acted only as a committing magistrate. The evidence before him was sufficient to hold the defendant.

Under the proofs here, it is immaterial whether the city officers were acting legally or illegally in making the search. The federal government may avail itself of the evidence procured by the police. In re Milburne (C.C.A.) 77 F.(2d) 310. The decisions in Kroska v. United States (C.C.A.) 51 F.(2d) 330; Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381, and Agnello v. United States, 269 U.S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409, cited by defendant, are not applicable here.

The motion to suppress must be denied, and it is so ordered.