### KAUZ v. UNITED STATES.
#### No. 8499.

Circuit Court of Appeals, Fifth Circuit.
March 24, 1938.

Elmore Cohen, of West Palm Beach, Fla., and Frank B. Bozza, of Miami, Fla., for appellant.

Herbert S. Phillips, U. S. Atty., of Tampa, Fla., and Lloyd C. Hooks, Asst. U. S. Atty., and Harry G. Taylor, Sp. Asst. U. S. Atty., both of Miami, Fla.

Before FOSTER and HUTCHESON, Circuit Judges, and BORAH, District Judge.

FOSTER, Circuit Judge.

An indictment was returned against Sue D. Kauz, appellant, and Thomas Butler charging them, in one count, with unlawfully possessing 15 gallons of whisky in three 5-gallon unstamped containers, and in another count with concealing 15 gallons of whisky, with intent to defraud the United States of the taxes thereon. Before trial appellant moved to suppress evidence secured by a search of her residence. The motion was denied. On motion of the United States Attorney a severance was granted and appellant was tried alone and convicted. A sentence of imprisonment of one year and a day and a fine of $200 was imposed upon her. Error is assigned to the overruling of the motion to suppress the evidence and to the refusal of the court to direct a verdict of acquittal.

The government introduced as witnesses two investigators of the United States Alcohol Tax Unit, Stephenson and Masterson. Their evidence tends to show the following facts: Appellant was the owner of a large, unfinished building in Miami, Nos. 127 and 129 Second street. The building faces south on Second street and the front of the building is divided into east and west halves. The west half was used as a garage and storeroom, and was used by both appellant and Butler, while the first and second floors of the east half were used as living quarters by appellant. Butler also had sleeping quarters in the building, but not in the part occupied by appellant. There is a connecting door between the part occupied by appellant as living quarters and the garage, and a sliding door from the garage to the street. While riding around the streets of Miami on the morning of October 7, 1936, the officers, at about 8 o'clock, saw a Reo automobile, which they knew to be a "liquor car," in front of the

garage, the door of which was open about three feet. Butler, the codefendant, came out of the garage with a five-gallon jug in a sack, walked across the sidewalk, and put it in the sedan. There were two other five-gallon jugs in the sedan, and all contained whisky. The containers were unstamped. Butler saw them and endeavored to go back into the garage. One of them followed him. There was a scuffle and he was brought out and arrested. Some one in the garage then closed the door and bolted it. Stephenson then went to the door leading into appellant's living quarters, called out he was an officer, and demanded admission, which was not given. He heard a crash of glass in the garage, broke in the door, entered appellant's living quarters, went through them, forced his way into the garage, and there saw appellant. A hammer or hatchet was lying on the floor, which he had heard some one drop. He found fragments of broken glass on the floor, but did not know how many jugs were broken. He found no liquor in the garage but detected the smell of moonshine whisky, which he thought came from recently broken jugs. Appellant was not taken into custody, but was ordered to report to the United States Commissioner. The officers knew appellant and Butler, and knew both lived in the building and both used the garage. They had no search warrant. There was no evidence tending to show appellant owned or controlled the automobile in which the liquor was found, or that she had any connection with Butler in the possession of liquor. This was all the evidence to support the conviction of appellant.

■ There is no doubt whatever that on the facts appearing in the record the search of appellant's premises was forcibly made without either a search warrant or authority and violated her constitutional rights under the Fourth and Fifth Amendments. She had committed no offense in the presence of the officers. They had no search warrant or warrant for her arrest, and she did not waive her rights in any way. Probable cause for the search did not exist. While no property was seized in the garage or her living quarters, the testimony of the officers as to what they saw in the garage was equally inadmissible. It was error not to grant the motion to suppress the evidence obtained by this search. Furthermore, the testimony was not substantial evidence sufficient to support the verdict. Having denied the motion to suppress the evidence, it was error not to direct a verdict of acquittal. Amos v. U. S., 255 U.S. 313, 41 S.Ct. 266, 65 L.Ed. 654; Byars v. U. S., 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; Gambino v. U. S., 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381.

Reversed and remanded.