### UNITED STATES v. YEE DOO.

No. 15527.

District Court, D. Massachusetts.

Nov. 17, 1941.

Edmund J. Brandon, U. S. Atty., and William T. McCarthy, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

Joseph F. O'Connell and James E. O'Connell, both of Boston, Mass., for defendant.

FORD, District Judge.

The motion was heard this day and the evidence presented showed that two state police officers, without a search warrant, entered the premises numbered 11 Oliver Place, Boston, a three-story dwelling house, in search of a fugitive from justice. The state police officers found there the defendant occupying a rear room on the first floor of the house. The doors leading into the premises where the defendant was found were open and the officers walked in without resistance. The evidence showed that the defendant was a known narcotic user and after having been informed that the officers were looking for a fugitive, was asked the question whether "he had any drugs around". He said, in reply, "look around—there is nothing here". The officers made a search and found thirteen decks of opium in a passageway between the room in which the defendant was found and one toward the front the house. The defendant said he owned the opium and had purchased it the day before for $30.

There was no evidence that any federal officials or officers cooperated with the state officers in making the seizure and there was no evidence to show that any federal officers acted in collusion with the state officers in any manner.

It is well established law that prohibition of the Fourth Amendment applies only to the national government and its agencies, and consequently, even if there was an illegal search and seizure here on the part of the state officers, the federal government may avail itself of the evidence procured by the state officers under the circumstances here. Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381; Byars v. United States, 273 U.S. 28, 33, 47 S.Ct. 248, 71 L.Ed. 520; Rettich v. United States, 1 Cir., 84 F.2d 118.

There is no need to discuss any other point raised in the case, and the defendant's motion is denied.