**CANNON v. UNITED STATES.**

No. 12163.

Circuit Court of Appeals, Fifth Circuit

Feb. 13, 1948.

---

F. W. New, of Hamilton, Ga., for appellant.

T. Reese Watkins, Asst. U.S. Atty., of Macon, Ga., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

WALLER, Circuit Judge.

The appellant was convicted on a one-count indictment charging him with the illegal possession of moonshine whiskey in unstamped containers which were found under his dwelling by the State Revenue Agents of Georgia. The contentions below and here arise out of an unsuccessful motion of counsel for the appellant to suppress evidence obtained under a search warrant that was admittedly invalid. Although the liquor was found and the search made by the State officers, nevertheless, the case was adopted by the officers of the Federal Alcohol Tax Unit and by the United States Attorney for prosecution by the United States in the Federal Court. The motion of counsel to suppress the evidence alleged in general terms that the seizure of the liquor was made by officers of the State of Georgia acting in connection, and conjunction, with an officer of the United States, and that the seizure was illegal because of the absence of a valid search warrant, by reason of which he asserted that the evidence was illegally gotten and, therefore, incompetent. Evidence was taken on the motion whereby the defendant undertook to prove a common understanding in that vicinity that the Federal Agents would accept and adopt for prosecution all cases worked up by the State Agents involving a substantial quantity of illegal liquor, or a distilling operation of any magnitude. He showed that Cook, one of the State officers on the raid, was an uncle of the Federal Alcohol Tax Unit Investigator Cook at Columbus, Georgia, and although no Federal Agent actually participated in the search, nevertheless he sought to prove that there was a tacit understanding in all such cases, including this one, that the nephew would take over State cases worked up by his uncle and the other State officers. The purpose of this effort by counsel for appellant was to show such participation or connection or relation between the Federal officers and the State officers that the effect would be the same as if the Federal officers were actually present making or assisting in making the search and seizure, and in which event the evidence so obtained would be considered to have been obtained in violation of the Fourth Amendment and within the condemnation of the rule announced in Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381; Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520; and Ward v. United States, 5 Cir., 96 F.2d 189 and other cases.

It must be conceded that if there were active participation by the Federal Agents with the State Agents in making the search of the defendant's home without a valid search warrant, the evidence would be illegal and the motion to suppress would have been good, but the Court below, after hearing the evidence, concluded as a matter of fact that there was no participation, either active or tacit, in the search and, therefore, overruled the motion to suppress.

It cannot be said that the judge's findings on this question of fact were without sub-

stantial support. Therefore, we will not disturb those findings.

We have also considered the other specifications of error and have concluded that none of them constitutes reversible error.

The judgment of the Court below is affirmed.