UNITED STATES v. JORDAN.

No. 14461.

District Court, E. D. Pennsylvania.

April 8, 1948.

Charles P. Mirarchi, Asst. U. S. Atty., and Gerald A. Gleeson, U. S. Atty., both of Philadelphia, Pa., for plaintiff.

John Patrick Walsh, of Philadelphia, Pa., for defendant.

GANEY, Judge.

This is a motion for judgment of acquittal which raises the question whether the defendant's rights against unlawful search and seizure guaranteed by the Fourth Amendment to the Constitution were violated.

The facts are briefly these: On November 16th, 1947, three police officers of the City of Philadelphia entered the home of Alexander Townsend, located at 1812 N. Bouvier Street, Philadelphia, and proceeded to make a search of the premises without a search and seizure warrant. At the time of the entry, the defendant was holding a jug wrapped in paper, which upon examination was found to contain whiskey. The defendant was taken to the police station whereupon the Sergeant in charge called the office of the Federal Alcohol Tax Unit on the telephone notifying it of the arrest and within a very short time a federal revenue officer arrived at the station house and the defendant and the liquor taken from him, were turned over to him.

At the trial, the whiskey turned over by the state officer, was offered in evidence and received, over the objection of defendant's counsel, on the ground that it was violative of the Fourth Amendment of the Constitution giving protection against unlawful search and seizure.

■ It has been held that the guaranty of the Fourth Amendment of the Constitution against unreasonable search and seiz-ure applies solely to governmental action. It is not invaded by the unlawful acts of individuals in which the government has no part. Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048, 13 A.L.R. 1159. Likewise it is well settled that the United States may make available to itself all evidence improperly secured by state officers operating solely on their account. Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652, L.R.A.1915B, 834, Ann.Cas.1915C, 1177; Bruce et al. v. United States, 8 Cir., 73 F.2d 972. Lerskov v. United States, 8 Cir., 4 F.2d 540, Elam v. United States, 8 Cir., 7 F.2d 887 and Lotto et al. v. United States, 8 Cir., 157 F.2d 623.

■ Counsel for the defendant has pressed upon us the case of Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381. However it is apparent from the facts shown in this case, that the evidence fails to establish in any manner any search and seizure by the United States or any of its agents. There was no communication with the federal officer prior to, or at the time of the search, and the sole testimony is that the federal agent acted wholly in response to a telephone call from the police sergeant of the City of Philadelphia. Further the record does not disclose that the Philadelphia police officer in conducting the search had in mind any purpose in aiding a federal prosecution which is the distinguishing circumstance of the Gambino v. United States, supra, case. There it appeared, that following the repeal of the New York State Prohibition Law, federal authorities requested the aid of state officers in arresting violators of the National Prohibition Law, 27 U.S.C.A. § 1 et seq. and state officers in the belief that they were required to aid in the enforcement of that law, searched automobiles and seized intoxicating liquors found thereon; this was "cooperation" by the local New York police sufficient to bring the seizure within the ban of the Fourth Amendment. However, as has been indicated, there was here, no such cooperation as existed in the Gambino v. United States, supra, and accordingly the defendant's motion for judgment of acquittal is denied.