PER CURIAM.
We here consider two appeals for separate defendants. These defendants, who are represented by the same attorney, have moved for an order consolidating their appeals for all appellate purposes on the ground that “the points on appeal are the same.”
The brief filed in behalf of the appellants raises a single point applicable to the record in each of the two cases. This point is based upon the denial of each defendant’s motion to dismiss filed pursuant to CrPR 1.190(c) (4), 33 F.S.A. These motions to dismiss rest upon the ground that because the arrest of the defendants was initially made by the federal authorities at the Miami International Airport, the subsequent prosecution by the State of Florida for the “offense of possession of marijuana in violation of 398.03, Fla.Stat., F.S.A., was illegal in that the prosecution was a function of an illegal federal detention in its inception.” Upon the denial of the motions to dismiss, the defendants entered a plea of nolo contendere. Appellants were adjudicated and sentenced.
Appellants’ brief is defective in that it does not follow FAR 3.7(f) (3), 32 F.S.A., by stating a point on appeal. Nevertheless, we have examined the brief (oral argument having been waived) and find that appellant has stated the issue as follows:

“The issue herein is not the detection of crime or the punishment of a criminal act. The issue goes to the very foundation of our system of government, which system provided that the states shall not exercise these powers which have been exclusively delegated to the Federal Government.”
* * * J}c * *
Under these circumstances, we are presented with the single question of *843 whether one who has been arrested by a federal officer may later be charged with an offense against the State of Florida. We have examined the record and find that appellants’ contention that the State has exercised powers exclusively delegated to the federal government is not supported by the record. The appellants were arrested and accused by State authorities. They were charged with a crime under the State statute. Thus, it is clear that the State did not prosecute for the purpose of enforcing federal law. Compare Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293 (1927).
No error having been demonstrated, the judgment and sentence in each case is affirmed.
Affirmed.