STATE OF CONNECTICUT *v.* ANONYMOUS (1977–8)*

(two cases)

SUPERIOR COURT

DAVID M. SHEA, J. In each case the defendant has moved to suppress the evidence obtained by the police as a result of the execution of a search warrant on premises occupied by the defendants. Various grounds for suppression are mentioned in

---

* Thus entitled, in view of General Statutes § 54-90.

the motion, but the only one which is sufficiently meritorious to warrant discussion is the claim that the search was the result of an unlawful seizure of a quantity of cocaine by an informer who had stolen this contraband from the home of the defendants and turned it over to the police. There had been several contacts between the state police and the informer over a period of about four months. At each of those contacts the police would be told of various activities of the defendants. The informer was not being paid by the police, however, nor was any other consideration proffered as an inducement. It appears from the affidavit submitted with the search warrant application that the substance received from the informer was sent to the state laboratory for analysis and was found to be cocaine of a relatively pure quality. Those facts as recited in the affidavit were unquestionably of great significance to the judge who issued the search warrant.

Despite the absence of any exception in the language of the fourth amendment ban on illegal searches and seizures, the constitutional prohibition consistently has been deemed to apply only to actions of governmental authorities, and evidence illegally seized by private individuals has been available for use in criminal prosecutions regardless of the unlawfulness of its source. *Burdeau* v. *McDowell,* 256 U.S. 465. The evidence must come to the state upon a "silver platter," however, and not as the result of any instigation by state officials or participation by them in the illegal activities. *Byars* v. *United States,* 273 U.S. 28, 33.

In the present case it appears that the state police had been in contact with the informer for some time before the theft of the cocaine occurred. The informer had been encouraged to continue his surveillance of the activities of the defendants and to

furnish such information as he might acquire. There is no indication that the police suggested that the informer take anything from the home of the defendants. Obviously, they must have realized that the substance handed to them by the informer had been stolen from the defendants.

There can be no question but that an express request or authorization by the police that the private individual engage in an illegal seizure would be sufficient to attribute the wrongful conduct to the police. *People* v. *Tarantino,* 45 Cal. 2d 590; *People* v. *Fierro,* 236 Cal. App. 2d 344. A passive acquiescence by a police officer in an illegal search where the officer was present at the scene and aware that an illegal search was being conducted by a private individual has also been deemed to make the officer a participant in the unlawful activity. *Moody* v. *United States,* 163 A.2d 337 (D.C. Mun. Ct. App.). That participation has even been found in the knowledge of government agents that a codefendant had access to certain records and was likely to attempt to purloin them in order to deliver them to the government for the purpose of receiving favorable consideration with respect to his own offenses. *United States* v. *Stein,* 322 F. Sup. 346 (N.D. Ill.). It has been intimated that, whenever one who is not an official has engaged in the illegal seizure, not in pursuance of some other interest but solely for the purpose of law enforcement, he becomes, in effect, an agent for the government which cannot avail itself of the fruits of his acts without assuming the responsibility for them. *Gambino* v. *United States,* 275 U.S. 310, 317.

Under those principles it is clear that the state police could not accept the cocaine delivered by the informer in this case with the knowledge that it had been stolen and, at the same time, disown

responsibility for his acts. In so doing they ratified his unlawful acts and, under well-established principles of the law of agency, they assumed responsibility for them to the same extent as if they themselves had made the seizure.

Since the recital in the affidavit of the evidence concerning the receipt of the substance which proved to be cocaine was a highly significant part of the affidavit, the search which was made under the warrant was also tainted with the original illegality as the "fruit of the poisonous tree." *Silverthorne Lumber Co.* v. *United States,* 251 U.S. 385, 392.

The motions to suppress are granted in each case.