**UNITED STATES v. BALDOCCI et al.**

No. 22154-L.

District Court, S. D. California, N. D.
July 3, 1930.

George J. Hatfield, U. S. Atty., and C. M. Carpenter, Asst. U. S. Atty., both of San Francisco, Cal.

Wm. J. Gloria, of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

Petition to exclude and suppress evidence as to defendant Belli.

Narcotic agents of the government received information that defendant Belli, heretofore convicted of violating the Harrison Narcotic Act, had been furnishing certain addict prisoners in the San Francisco county jail with morphine, concealed in rocks and tennis balls which were thrown over the yard walls of the jail at night and picked up by addict inmates in the morning.

On May 27, 1930, at 8 o'clock p. m., narcotic agents secreted themselves near the jail. About 10 o'clock p. m. defendant and three others came in an automobile, driven by Belli, to where one of the officers was stationed, and all were arrested. Search of the defendants' persons and of defendant Belli's car revealed no narcotics. Agent Elliott then took charge of defendant Belli, and, with reference to later happenings, testifies that he asked Belli why he was in such a place at that hour of the night, and Belli replied, "I came out to see if the coast was clear." Elliott asked Belli where he lived, and Belli refused to say. Elliott told Belli that he knew he lived at No. 817 Hayes street, and ordered Belli to drive there. Elliott got into Belli's car, and Belli drove to his home. On arriving at Belli's residence, Elliott asked him, "Will you allow me to enter, or will I go and obtain a search warrant?" or words to that effect. Belli answered, "All right, you may enter," or words to that effect. According to Elliott, defendant Belli then handed his keys to Mrs. Belli, who opened the door and admitted the officers. About eighty grains of morphine were found in the premises.

After the prisoners were taken to jail, the officers returned to the scene of the arrest and searched the neighborhood. On the sidewalk, near where defendants were placed under arrest, the officers found a rock, drilled out, containing twenty grains of morphine.

Defendant Belli contends that the search and seizure was in violation of, and contrary to, the provisions of the Fourth and Fifth Amendments of the Constitution of the United States.

The officers had no warrant for the arrest of defendant Belli, nor any of the defendants, nor did they have any search warrant. No crime was committed in the presence of the officers, nor was there probable cause for the arrest of defendant Belli, but it would appear that he was arrested merely upon suspicion.

I think that the contention of defendant Belli must be sustained. As stated, the

arrest of the defendant Belli was merely upon suspicion. Belief, however well founded, that an article is concealed in a dwelling, is no justification for search without a warrant, notwithstanding facts unquestionably show probable cause. Bell v. United States (C. C. A.) 9 F.(2d) 820; Agnello v. United States, 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409. The fact that an arrest was made, if without probable cause, is no justification for the seizure of narcotics. Baumboy v. United States (C. C. A.) 24 F.(2d) 512. In petitioner's case there was no probable cause.

■ The government contends that defendant Belli waived his constitutional rights when he gave his consent to the search of his residence. The facts show that, whatever consent was given, it was under the implied coercion here presented. There is no doubt but that defendant was influenced by his situation, and, when all the surrounding circumstances are considered in their true relations, not only is the claim that the consent was voluntary overthrown, but the impression is irresistibly produced that it must necessarily have been the result of either hope or fear, or both, operating on the mind. See United States v. Abrams (D. C.) 230 F. 313; Bram v. United States, 168 U. S. 532, 18 S. Ct. 183, 42 L. Ed. 568; Farris v. United States (C. C. A.) 24 F.(2d) 639.

Petition granted.