**UNITED STATES v. BROOKINS.**

No. 14360.

District Court, E. D. Pennsylvania.
March 5, 1948.

Gerald A. Gleeson, U. S. Atty., of Philadelphia, Pa., and Leon H. Fox, Asst. U. S. Atty., of Norristown, Pa., for plaintiff.

Herbert S. Levin, of Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

Petitioner was indicted for violations of the Internal Revenue laws, including the possession of an unregistered still and of liquor in containers without the requisite stamps. It appears that city police officers, without a search warrant, entered defendant's premises, arrested him, and seized a still and whiskey. He was taken before a magistrate before whom the hearing was continued. In the meantime a warrant of arrest was obtained from a United States Commissioner by federal agents, who assumed custody of the defendant, and the evidence was turned over by the city police to the federal officers.

A motion to suppress the evidence and return the articles seized is now before us. Defendant contends "that it no longer matters who obtained the evidence; if it was obtained illegally by anyone, it may not be used in evidence against a Defendant."

An examination of the decisions of the Supreme Court on this question is pertinent. In Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed 1048, 13 A.L.R. 1159, incriminating documents had been turned over for use in a federal prosecution by a private individual who had obtained them through an unlawful search but without the participation or knowledge of any federal official. The court there, by the authorities cited and the language used, clearly ruled that the Fourth and Fifth Amendments were not intended to be a limitation upon other than the Federal Government and its officers and agencies.

In Agnello et al. v. United States, 269 U. S. 20, 46 S.Ct. 4, 70 L.Ed. 145, 51 A.L.R. 409, Federal Internal Revenue Agents accompanied by local police unlawfully searched defendants' premises and, in the enforcement of a federal statute, seized narcotics. The Supreme Court there held that this violated the Fourth and Fifth Amendments and that such evidence was inadmissible.

In Byars v. United States, 273 U.S. 28, 47 S.Ct. 248, 71 L.Ed. 520, a search warrant issued by a state court was executed by a local police officer accompanied by a federal prohibition agent who was "not invited to join the state squad as a private person might have been, but was asked to participate and did participate as a federal enforcement officer, upon the chance, which was subsequently realized, that something would be disclosed of official interest to him as such agent." Page 32 of 273 U.S., page 249 of 47 S.Ct. The counterfeit "strip" stamps concerned the Federal Government alone. The participation of the agent in the search was under color of his federal office and "the search in substance and effect was a joint operation of the local and federal officers." Page 33 of 273 U.S., page 250 of 47 S.Ct. The court accordingly held that the state search warrant under the circumstances could not, under the Fourth Amendment, sustain a federal search of defendant's house and seizure of the said counterfeit stamps. The court, however, specifically said, "We do not question the right of the federal government to avail itself of evidence improperly seized by state officers operating entirely upon their own account. But the rule is otherwise when the federal government itself, through its agents acting as such, participates in the wrongful search and seizure." Page 33 of 273 U.S. page 250 of 47 S.Ct.

In Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed 293, 52 A.L.R. 1381, state troopers searched a vehicle without probable cause, and immediately turned the defendant and the seizure over to the federal authorities for prosecution under the National Prohibition Act, 27 U.S.C.A. § 1 et seq. It was conceded that they were not at the time attempting to enforce any state statute. The search was for intoxicating liquor and there was no state prohibition act. The search and arrest were solely on behalf of the United States. The Supreme Court, after holding that the provisions of the Prohibition Act imposing the duty of arrest and seizure upon "any officer of the law" referred only to "federal officers" and that the troopers were not agents of the United States, discussed the various cases of seizures and arrests by state officers in the presence of, or in cooperation with, or under the direction of federal officers, and concluded that the admission of evidence thus wrongfully seized violated rights of the defendants guaranteed by the Fourth and Fifth Amendments. It was careful to point out, however, that "The conclusion here reached is not in conflict with any of the earlier decisions of this court in which evidence wrongfully secured by persons other than federal officers has been held admissible in prosecutions for federal crimes. For in none of those cases did it appear that the search and seizure was made solely for the purpose of aiding the United States in the enforcement of its laws." Page 317 of 275 U.S., page 139 of 48 S.Ct.

In Anderson v. United States, 318 U.S. 350, 63 S.Ct. 599, 87 L.Ed. 829, involving an involuntary confession, there was a working arrangement between the federal and state officers and the confession was improperly obtained by federal officers through collaboration with the state officers. The Gambino and Byars cases, supra, are cited for the rule there involved. These principles are reaffirmed and many of the cases reviewed in Feldman v. United States, 322 U.S. 487, 64 S.Ct. 1082, 88 L.Ed. 1408, 154 A.L.R. 982, where it is again pointed out that "knowledge gained by the Government's own wrong cannot be used by it * * *", Page 492 of 322 U.S., page 1084 of 64 S.Ct., but that "The Constitution prohibits an invasion of privacy only in proceedings over which the Government has control." Page 492 of 322 U.S., page 1084 of 64 S.Ct. Throughout these decisions it clearly appears that the term "government agents" has reference to federal officials.

Defendant, however, contends that two recent decisions have changed the rule.[1] In the Di Re case[2] the search was by a state officer accompanied by federal officers who had no power of arrest. The information upon which the stopping of the vehicle was predicated had been obtained by an investigator of the Office of Price Administration. The search and seizure was solely in the enforcement of a federal statute and for a federal crime. The foregoing decisions are neither distinguished nor, with one exception, mentioned. The facts in the case required no such distinguishing or overruling of prior decisions and we must assume that there was no such broad intent in the language used as would change the existing law.[3]

In the Johnson case[4] information was obtained by a state officer who communicated with federal narcotic agents. On the search of defendant's premises, without a warrant, upon the odor of opium, the local police were accompanied by the federal agents. The case is clearly one of participation and cooperation. Counsel relies upon certain isolated, or out of context, expressions in this opinion.[5] Our comment on the Di Re case, supra, applies with equal force to the Johnson decision.

We do not conceive it to be our province to extend such rulings beyond their clear import where to do so would be contrary to previous direct rulings of the Supreme Court on the subject. Had the Supreme Court intended to change such existing law it would unquestionably have left no doubt of its purpose in more unmistakeable language.

We have here no proof that the federal officers submitted any evidence to the state officers to enable them to make the search, or that they requested such search to be made, or that they participated in said search. Defendant contends that in the past the local officers where in the course of enforcing state laws a "still" has been found have turned the evidence over to and the federal agents have adopted the same and prosecuted in the federal court. Defendant seeks to draw an inference of cooperation therefrom. No evidence to sustain such allegation was submitted but even were it so, the inference in the absence of something more does not follow. This would be nothing more than the exercise of the right of the federal government to avail itself of evidence seized by state officers operating entirely upon their own account.

In the light of the law as pronounced by the Supreme Court, there would be nothing to prevent the use by the federal officials of the evidence in the instant case. The motion for suppression of evidence is accordingly denied.

---

[1] United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. ——; Johnson v. United States, 68 S.Ct. 367, 92 L.Ed. ——.

[2] See Note 1.

[3] On the contrary, the Court cites, with approval, the case of Byars v. United States, supra.

[4] See Note 1.

[5] Such quotes are, e. g., "Any assumption that evidence sufficient to support a magistrate's disinterested determination to issue a search warrant will justify the officers in making a search without a warrant would reduce the Amendment to a nullity and leave the people's homes secure only in the discretion of police officers. * * * When the right of privacy must reasonably yield to the right of search is, as a rule, to be decided by a judicial officer, not by a policeman or Government enforcement agent." 68 S. Ct. 369. As to one of these comments, the opinion cites the Agnello case, supra, but that case does not hold that the Fourth Amendment controls independent state action. On the contrary, in the later case of Byars v. United States, supra, the court recognizes the Agnello case as applying to federal participation and amplifies on the method of approach to this question by stating, "While it is true that the *mere* participation in a state search of one who is a federal officer does not render it a federal undertaking, the court must be vigilant to scrutinize the attendant facts with an eye to detect and a hand to prevent violations of the Constitution by circuitous and indirect methods." Page 32 of 273 U.S., page 249 of 47 S.Ct.