**UNITED STATES v. DIXON.**

**No. 31783.**

United States District Court
N. D. California, S. D.

Jan. 6, 1949.

Frank J. Hennessy, U. S. Atty., San Francisco, Cal., for plaintiff.

George W. Hippeli, San Francisco, Cal., for defendant.

LEMMON, District Judge.

Defendant is charged with unlawful possession of two film photographic negatives of a Federal Reserve Note and the execution of three copper plates in the likeness of plates designed for the printing of Government obligations.

In the morning of Friday, November 19, 1948 two officers of the San Francisco Police Department called at the apartment occupied by the defendant. They had neither a warrant for defendant's arrest nor a warrant to search the apartment. After they rang the bell thereto, defendant opened the door. He claims that the officers forced their way into the apartment. This is denied by the officers. But whether defendant invited the officers in, as they claim, or they forced entrance is of no great moment. They identified themselves to the defendant and stated that they desired to question him about a party by the name of Levitt. If defendant invited them in he did so in submission to authority rather than as an intelligent and voluntary waiver of his right of protection from illegal arrest or unreasonable search and seizure. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436. After questioning defendant in the kitchen for several minutes one of the officers started looking around the apartment. Defendant asked him if he had a search warrant. Thereupon defendant was handcuffed by the officers, following which a thorough search of the premises appears to have been made by one of the officers. A phone call was then made to the federal secret service agents by one of the officers. Two secret service Agents, Burns and Giovanetti, came to the apartment about a half hour later in response to this call. The police officers opened the door to the apartment and admitted the agents to the apartment. The federal officers likewise had no warrant to either arrest the defendant or to search the premises. After a conversation of a few minutes between the several officers, Burns went into the room where the defendant was seated, still handcuffed, and engaged him in a conversation during which Burns asked defendant whether the latter had any objection to the secret service agents making a search. Defendant stated that he had no such objection. Following this verbal consent Burns asked defendant to sign a writing, expressly giving to them the right to make the search. This the defendant signed. Defendant also told them where most of the articles which were later seized could be found. After the search was completed defendant was taken to the office of the secret service and, after further questioning and in the mid-afternoon, signed a confession, implicating himself in the charges contained in the indictment. In the afternoon of the following Monday, November 22nd, defendant was first taken before a committing magistrate.

Defendant claims, and the police officers deny, that he was roughly treated by the officers following his inquiry about a search warrant. He also says that Burns told him that he (Burns) could get a search warrant if he did not sign the consent and that Burns further stated that "it would go easier with me if I did sign". Burns disputes this. Defendant has been previously convicted of a felony. In the face of this conflict I conclude the version given by the officers shall prevail over that of the defendant.

Defendant has moved to suppress the evidence taken from the apartment, including photographs of objects taken therein, and the confession above mentioned.

Prior to the arrest and search there was no evidence that the defendant had committed a felony so as to constitute probable cause for arresting him without a warrant. Brinegar v. United States, 10 Cir., 165 F.2d 512. It may not be said that the arrest by the police officers followed the commission of a felony in their presence. Before the arrest the officers had merely a suspicion that the defendant was engaging in counterfeiting.

■ The original arrest was illegal. The same must be said of the search made by the police over defendant's objection. Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L. Ed. 436. When the agents appeared upon the scene they took charge from then on because the offenses in which the prior search indicated the defendant was involved were federal offenses. Undoubtedly the federal agents were informed by the police officers prior to the former's conversation with defendant of the result of their investigation. The conclusion is compelled that the federal agents became associated in the illegal search and proceeded to avail themselves of all that had gone before, including the illegal arrest and facts developed in the illegal search. Evidence obtained by the police through a wrongful search must therefore be excluded. Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293; United States v. Brookins, D.C., 76 F.Supp. 374; Byars v. United States, 273 U.S. 28, 33, 47 S.Ct. 248, 71 L.Ed. 520.

■ But the government contends that the defendant waived his constitutional right when he gave the oral and written consents. Whether he did waive this important right freely and understandingly depends upon the attending circumstances. He had been overpowered, (the police officers admit that there was a scuffle following defendant's query about a search warrant) handcuffs had been placed upon him and a search had been made. There is present coercion, both physical and psychological. He knew that incriminating evidence had been found by the officers through the search. These facts negative the assertion that the consent was freely given. It is clear that coercion was still exerted when the consent was given. This and the hopelessness of his position resulting from the violation of his rights motivated the consent. A consent given under such circumstances is not the consent which the law requires to be present. A forced consent is no consent. United States v. Baldocci, D. C., 42 F.2d 567.

■■ It must be borne in mind that the Supreme Court has cautioned both federal officers and trial courts that a search without a warrant can be had only in exceptional circumstances. Prior to Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663, it was understood that an arrest and seizure were proper when a felony is committed in the officer's view and presence. As a result of that decision a warrant may still be necessary if the delay attending the procurement of a warrant is not expected to frustrate apprehension of the wrongdoer. The protection afforded by the Fourth Amendment requires that the inferences from evidence found by officers be drawn by a neutral and detached magistrate and not by the officers. Johnson v. United States, supra.

■ The photographs are not property of the defendant taken during the search any more than are the mental impressions of the officers of the objects they saw or the other recordings which they may have made. The suppression of the photography as evidence fully protects defendant.

■ So also the written confession is not property illegally seized subject to return. Its admissibility as evidence may be later determined either at the trial or at a pre-trial conference. There may be circumstances bearing upon the admissibility which were not presented at the hearing. Such circumstances may relate to the questions as to whether the delay in committing the petitioner was "unnecessary" and as to whether the con-

fession was voluntary or involuntary. Bearing upon the problem generally attention is called to McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819 and Upshaw v. United States, 1948, 335 U.S. 410, 69 S.Ct. 170, 93 L. Ed. 100.

The motion to suppress the seized evidence, including the photographs is granted. The evidence other than the written statement, the photographs taken by the officers and the written consent is ordered delivered to the defendant. The motion to suppress the confession is denied without prejudice.