## UNITED STATES v. RILEY.

### Crim. No. 15004.

United States District Court
E. D. Pennsylvania.

July 29, 1949.

Harry Wolov, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Joseph Blank, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

This is a motion to suppress evidence and for the return of seized property. On January 30, 1949, Philadelphia police officers, without a search warrant, seized an unregistered still and a quantity of tax unpaid whiskey at the residence of the petitioner. The Philadelphia Police Department notified the Alcohol Tax Unit of the seizure and turned the contraband and the petitioner over to investigators of the Unit. He was charged with possessing an unregistered still (Section 2810, I.R.C., 26 U.S.C.A. § 2810), fermenting mash fit for distillation on premises other than a qualified distillery (Section 2834, I.R.C., 26 U.S.C.A. § 2834), carrying on the business of a distiller without giving bond (Section 2833, I.R.C., 26 U.S.C.A. § 2833), and held for the action of the Grand Jury.

The petitioner urges the Fourth Amendment as ground for his motion. Ad-

mitting that the Fourth Amendment does not reach the misconduct of individual state officers, Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 59 L.Ed. 652, L.R.A. 1915B, 834, Ann.Cas.1915C, 1177, he maintains, nevertheless, that evidence secured through an unlawful search and seizure by state officers is not admissible in a prosecution in the Federal Courts where federal officers directly or indirectly participate in the search, Byars v. United States, 273 U. S. 28, 47 S.Ct. 248, 71 L.Ed. 520, or where search and seizure is solely on behalf of the United States to secure evidence of a violation of a federal law, Gambino v. United States, 2773 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293, 52 A.L.R. 1381.

The law is as the petitioner states it. But the difficulty is that it has not been made to appear either that federal officers directly or indirectly participated in the search, or that the search and seizure was solely on behalf of the United States to secure evidence of a violation of a federal law. No evidence was offered to support the allegation of participation or co-operation, and no such inference may be drawn from the "adopted" nature of the case. Here, this amounted to nothing more than the exercise of the right by the federal government to avail itself of evidence seized by state officers operating entirely upon their own account. See United States v. Brookins, D.C., 76 F.Supp. 374.

Accordingly, the motion is denied.