585 F.Supp. 1187 (1984)
UNITED STATES of America, Plaintiff,
v.
Reno R. COVA, Jr., M.D., and Sandra Pozywio, a/k/a Sandra Eich, Defendants.
No. 83-226CR(1).
United States District Court, E.D. Missouri, E.D.
May 1, 1984.
*1188 Larry Hale, St. Louis, Mo., for plaintiff.
Allen Kimbrel, Joseph M. Guay, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this Court on the several pretrial motions of defendants. These motions were previously referred to the Honorable William S. Bahn, United States Magistrate, for his review and recommendation. The Magistrate held a hearing on these motions on February 15th and 21st, 1984. This Court has had an opportunity to carefully review the transcript of said hearing, as well as the objections of defendants to the Magistrate's review and recommendation. This Court held an additional hearing on the question of severance on April 27, 1984. For the reasons stated below, this Court accepts the recommendation of the Magistrate.

I. GENERAL FACTUAL BACKGROUND
Defendants are charged in a thirteen (13) count indictment with various drug offenses. Count I charges both defendants with a conspiracy to distribute Tuinal. Specifically, Count I alleges that defendant Cova, a registered physician, wrote several prescriptions to defendant Pozywio for Tuinal on May 20, 1983. Count I further charges that on May 21, 1983, defendant *1189 Pozywio took the Tuinal from St. Louis, Missouri, to Griffith, Indiana, where defendant Pozywio distributed 500 Tuinal tablets to Philip and Tosha Piwowar. Counts II through V charge only defendant Cova with distribution of Tuinal on May 20, 1983. Count VI charges only defendant Pozywio with possession of Tuinal with intent to distribute. Count VII charges both defendants with conspiracy to distribute Methaqualone. Count VII charges that defendant Cova wrote prescriptions to defendant Pozywio for Methaqualone on July 8, 1983, and July 25, 1983. The remaining Counts VIII through XIII charge only defendant Cova with distributing Methaqualone, Hydromorphone and Tuinal on various dates in July, 1983. Defendant Pozywio has indicated her intention to rely on the defense of insanity.
Defendants filed several pretrial motions. Both defendants moved to dismiss certain physical evidence: 1) a letter written by Tosha Piwowar to defendant Pozywio; and 2) certain prescriptions written by defendant Cova for defendant Pozywio. Both defendants also moved to sever defendants or, in the alternative, to sever counts. Defendant Cova further moved for: 1) disclosure of material relating to electronic surveillance; 2) dismissal of the indictment; and 3) a bill of particulars. Defendants Pozywio further moved for: 1) a bill of particulars; 2) an order to compel discovery; 3) dismissal of Counts I, VI and VII of the indictment; 4) issuance of subpoenas at the Government's expense; 5) suppression of certain medical records seized from defendant Cova's office pursuant to a search warrant; 6) suppression of oral statements made by defendant Pozywio to Vernon Oswalt; and 7) suppression of written and oral statements obtained through electronic surveillance. In addition, defendants filed several motions subsequent to the completion of the Magistrate's review and recommendation. Defendant Cova moved for: 1) suppression of two (2) handwritten notes; and 2) dismissal of the indictment due to stimulation of pretrial publicity by the Government. Defendant Cova also filed, subsequent to the Magistrate's review and recommendation, an amended motion to sever defendants or, in the alternative, to sever counts. Defendant Pozywio filed a motion to suppress the handwritten notes and for payment of expert testimony at the Government's expense.
This Court will address each motion, together with the Magistrate's recommendation and the defendants' objections thereto, separately. The testimony adduced and facts established at the hearing will be discussed where appropriate.

II. MISCELLANEOUS MOTIONS

1. Cova's Motion For Disclosure of Material Relating to Electronic Surveillance
The Magistrate recommended that this motion be dismissed based on the Government's representation that it had furnished defendant with transcripts relating to the electronic surveillance and that defendant was free to hear the actual tapes. Defendant Cova objects to this recommendation on the ground that the Magistrate improperly refused, at the hearing, to allow him to inquire of DEA Agent Robinson whether defendant Cova's telephone was or had been wiretapped, or whether any information had been obtained from such a wiretap.
Defendant Cova does not cite any authority in support of his objection. This Court holds that the Magistrate properly curtailed defendant Cova's inquiry. Cova's objection is rejected and this Court accepts the Magistrate's recommendation. In addition, the transcript of the hearing indicates that counsel for defendant Cova was satisfied with the assurances of Assistant U.S. Attorney Hale that Hale was not aware of any other electronic recordings, interceptions on surveillance, other than the ones previously furnished to defendant Cova, and that Hale would immediately inform defendants if and when additional material came to light. Transcript of February 15, 1984 at 4.

*1190 2. Defendant Cova's Motion For A Bill of Particulars
The Magistrate recommended that this motion be dismissed on the ground that the Government turned over copies of all prescriptions to defendant Cova and that said prescriptions set forth sufficient information regarding the alleged conspiracy and the distributee of the controlled substance. Defendant Cova did not object to, and this Court accepts, the Magistrate's recommendation.

3. Defendant Pozywio's Motion For A Bill of Particulars
The Magistrate recommended that this motion be dismissed as moot on the basis of the representations of the parties. Defendant Pozywio did not object to, and this Court accepts, the Magistrate's recommendation.

4. Defendant Pozywio's Motion To Compel Discovery
The Magistrate recommended that this motion be dismissed as moot on the basis of the representations of the parties. Defendant Pozywio did not object to, and this Court accepts, the Magistrate's recommendation.

5. Defendant Pozywio's Motion To Dismiss Counts I, VI and VII of the Indictment
The Magistrate recommended that this motion be dismissed as moot on the basis of the representations of the parties. Defendant Pozywio did not object to, and this Court accepts, the Magistrate's recommendation.

6. Motion For Issuance of Subpoenas at Government's Expense
The Magistrate recommended that this motion be granted because defendant Pozywio is indigent. This Court accepts the recommendation, which the Government did not object to, and grants the motion.

7. Motion To Suppress Handwritten Notes
Both defendants moved to suppress certain handwritten notes allegedly taken by Wanda or Raymond Pozywio from defendants' apartment. At the severance hearing held on April 27, 1984, Assistant U.S. Attorney Hale stated that the Government did not intend to introduce these notes into evidence. Accordingly, defendants' motion to suppress the handwritten notes be and is denied as moot.

8. Motion To Dismiss For Stimulation of Pretrial Publicity
This motion was orally denied on the record by this Court on April 25, 1984.

9. Payment For Expert Testimony At Government's Expense
Defendant Pozywio, as an indigent claiming the defense of insanity, moved for payment for expert testimony at Government expense. This motion did not include a statement of the amount sought. As such, this motion is denied without prejudice to refiling at such time as defendant Pozywio supplies this Court with a statement of the amount sought.

III MOTIONS FOR SEVERANCE
Both defendants moved for severance of defendants or, in the alternative, severance of counts. The Magistrate recommended that the motions be denied. The Magistrate found that there is no post-arrest statement by either defendant which implicates the other and, therefore, severance is not constitutionally required by Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Nevertheless, defendants may obtain severance pursuant to Federal Rule of Criminal Procedure 14, if prejudice from joinder can be shown. Fed. R.Crim.P. 14. At the hearing on April 27, 1984, counsel for defendant Pozywio stated that, on behalf of his client, he was withdrawing his motion to sever. Thus, this Court considers only defendant Cova's motion, as amended, to sever.
*1191 This Court agrees with the Magistrate's summary of the legal principles governing severance due to prejudice. Generally, conspiracy defendants are tried together and severance is only justified where a jury could not be expected to compartmentalize the evidence as it relates to separate defendants. United States v. Reeves, 730 F.2d 1189, 1196-97 (8th Cir. 1984); United States v. Lemm, 680 F.2d 1193, 1205 (8th Cir.1982), cert. denied 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 960 (1983); United States v. Reeves, 674 F.2d 739, 744 (8th Cir.1982); United States v. Jackson, 549 F.2d 517, 523 (8th Cir.); cert. denied 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977). The Magistrate concluded that, although there will be evidence that will be admissible against one defendant, but not both, that inculpates the other, the trial court will be able to give the jury limiting instructions and there is no reason why the jury could not be expected to follow such instructions in this case.
Defendant Cova objects to the Magistrate's recommendation on the ground that the Magistrate failed to specifically consider the prejudicial effect of certain statements of defendant Pozywio which are allegedly hearsay and inculpatory as to defendant Cova. Specifically, defendant Cova argues that the Government intends to admit statements made by defendant Pozywio to Vernon Oswalt and Steven Pozywio against defendant Pozywio only. However, assuming that the statements are not admissible against defendant Cova, there has been no showing made that a normal limiting instruction to the jury will be ineffectual to prevent the jury from considering such statements as evidence against defendant Cova.
Defendant Cova also argues that severance is required because the Government intends to offer a statement made by defendant Pozywio to Katherine Oswalt Korte, which inculpates defendant Cova, against defendant Cova on the ground that it is a co-conspirator statement made in furtherance of a conspiracy. Defendant Cova doubts that the Government will be able to establish a foundation for such use and argues that this is a further reason for severance. This Court rejects defendant Cova's argument because, assuming said statement is not admissible against defendant Cova, there has been no showing that the jury would not likely follow a limiting instruction. Accordingly, defendant Cova's objections to the Magistrate's recommendation are rejected.
In his amended motion for severance, defendant Cova raised two (2) new matters. He argued that defendant Pozywio's reliance on the insanity defense will prejudice him and that if a severance is granted and Pozywio is tried first, Pozywio will testify in his behalf and offer exculpatory testimony. On April 27, 1984, this Court granted defendant Cova's request for an ex parte and in camera hearing on the question of severance. At said hearing, counsel for defendant Cova represented to the Court the nature and extent of the testimony defendant Pozywio would offer at a separate and subsequent trial of Cova. If Sandra Pozywio would testify as counsel for Cova represented, it would be exculpatory to Cova. However, counsel for defendant Pozywio indicated that his client would claim the fifth amendment and remain silent at any separate and subsequent trial of Cova. This Court finds that the likelihood of defendant Pozywio testifying for defendant Cova is marginal at best and is not a sufficient basis for granting a severance. United States v. Gay, 567 F.2d 916, 919 (9th Cir.), cert. denied 435 U.S. 999, 98 S.Ct. 1655, 56 L.Ed.2d 90 (1978). See also 1 C. Wright, Federal Practice and Procedure: Criminal § 225 at 831-40 (1982). As to possible prejudice resulting from defendant Pozywio's reliance on the insanity defense, no showing has been made as to how Cova might be prejudiced by her evidence or why a jury would not be able to compartmentalize said evidence.
Accordingly, defendant Cova's motion for severance is denied.

IV. DEFENDANT COVA'S MOTION TO DISMISS
Defendant Cova raises three (3) separate grounds in support of his motion to dismiss the indictment.
*1192 First, defendant Cova argues that the Government's use of a letter, which Wanda Pozywio allegedly "stole" from the mailbox of the apartment that defendant Cova shared with defendant Pozywio, to obtain the indictment violated defendant Cova's fourth amendment rights. In addition, he argues that the Government's conduct is so shocking to the conscience that it violates defendant Cova's right to due process. These grounds do not support defendant Cova's motion because the conduct of the Government in this case is not shocking to the conscience and, as discussed infra, the letter was not obtained in violation of defendant Cova's fourth amendment rights.
Defendant Cova's second argument is that the grant of informal immunity to Phillip and Tosha Piwowar violated the provisions of 18 U.S.C. § 6003. The Magistrate recommended that this ground be rejected because the decision to grant the Piwowars immunity was not shown to be arbitrary. United States v. Librach, 536 F.2d 1228, 1230 (8th Cir.), cert. denied 429 U.S. 939, 97 S.Ct. 354, 50 L.Ed.2d 308 (1976). Defendant Cova objects to this recommendation, arguing that the Magistrate improperly presumed that defendants bore the burden of proving that the decision was arbitrary. However, on the basis of Librach, this Court holds that the Magistrate properly placed the burden on defendants. Further, this Court agrees with the Magistrate that defendants failed to show that the decision to grant immunity to the Piwowars was arbitrary.
Defendant Cova's third argument is that Counts II, III, IV, V, VIII and IX are multiplicitous and insufficiently specific to permit defendant Cova to assert a plea of jeopardy as to each count. The Magistrate failed to make any determination with regard to defendant Cova's double jeopardy claim, but this Court's review of the indictment leads this Court to conclude that the counts complained of by defendant are sufficiently specific to permit a plea of jeopardy. The counts specifically state the elements of the crime charged, the dates the alleged crimes were committed, the drugs involved, and the participants involved. See Sanabria v. United States, 437 U.S. 54, 98 S.Ct. 2170, 57 L.Ed.2d 43 (1978).
On defendant Cova's multiplicitous argument, the Magistrate did not make a recommendation but stated that this Court should determine whether the counts are multiplicitous at trial on the basis of the evidence produced. Defendant Cova objects to this for the reason that his argument is that the counts are multiplicitous on their face and cannot be validated by the introduction of evidence. Defendant argues that Counts II, III, IV and V charge the same crime four (4) times and that Counts VIII and IX charge the same crime two (2) times. While the multiplicitousness objection normally goes to a count which charges more than one distinct and separate crime, see United States v. Lyons, 703 F.2d 815 (5th Cir.1983), defendant Cova's argument must nevertheless be rejected. This Court agrees that the multiplicitousness of the counts must await the production of evidence at trial. Counts II through V charge defendant Cova with distribution of Tuinal on May 20, 1983. Counts VIII and IX charge defendant Cova with distribution of Methaqualone on July 8, 1983. The indictment and the record indicate that the charges against Cova arise out of prescriptions that he wrote for defendant Pozywio and that the Government has shown the prescriptions to defendants. Because each prescription constituted a separate crime and the Government's evidence will be that defendant Cova wrote several prescriptions on both May 20, 1983, and July 8, 1983, the indictment may be validated by the evidence at trial. Defendant may rely on the evidence adduced at trial, in addition to the indictment, to assert the bar of double jeopardy in connection with these counts. United States v. Ray, 514 F.2d 418 (7th Cir.), cert. denied 423 U.S. 892, 96 S.Ct. 189, 46 L.Ed.2d 123 (1975).
For these reasons, defendant Cova's motion to dismiss must be denied.

V. MOTIONS TO SUPPRESS
Defendants filed several motions to suppress physical and testimonial evidence on *1193 the ground that said evidence was obtained in violation of defendants' constitutional rights and must therefore be suppressed under the exclusionary rule. The Magistrate recommended that all motions to suppress be denied and defendants have filed extensive objections to those recommendations. This Court will consider the evidence sought to be suppressed separately where appropriate.

A. Physical Evidence Taken By Wanda Pozywio
Defendants moved to suppress certain physical evidence obtained by Wanda Pozywio, mother of defendant Sandra Pozywio. These items are: 1) a letter written by Tosha Piwowar addressed to Sandra Pozywio; and 2) a number of prescriptions.
The basic argument of defendants on the evidence obtained by Wanda Pozywio is that she was acting as an agent of the Government, for purposes of the fourth amendment, when she obtained these items. If she was an agent of the Government, there is little doubt that her conduct violated the defendants' fourth amendment rights and must be suppressed under the exclusionary rule.[1] The Government argues that Wanda acted in a private capacity and therefore the fourth amendment is inapplicable.
Recently the Supreme Court stated the applicable rule, as follows:
This Court has ... consistently construed [the fourth amendment's] protection as proscribing only governmental action; it is wholly inapplicable "to a search or seizure, even an unreasonable one, affected by a private individual not acting as an agent of the Government or with the participation or knowledge of any governmental official."
United States v. Jacobsen, ___ U.S. ___, ___, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984) (quoting Walter v. United States, 447 U.S. 649, 662, 100 S.Ct. 2395, 2404, 65 L.Ed.2d 410 (1980) (Blackmun, J., dissenting)). See also Coolidge v. New Hampshire, 403 U.S. 443, 487-90, 91 S.Ct. 2022, 2048-2050, 29 L.Ed.2d 564 (1971); Burdeau v. McDowell, 256 U.S. 465, 475, 41 S.Ct. 574, 576, 65 L.Ed. 1048 (1921). Although this rule is well-established it is often difficult to apply. See generally C. Whitehead, Criminal Procedure at 86 (1980). The difficulty arises in determining when a private person acts as an agent of the government. Id. This is a "highly fact-specific area," id. at 91, and the test provided by the Coolidge Court does little more than restate the question:
[t]he test ... is whether [the private citizen] in light of all the circumstances of the case, must be regarded as having acted as an "instrument" or agent of the state ....
Coolidge, 403 U.S. at 487, 91 S.Ct. at 2049 (citations omitted). As a general rule, however, this Court agrees with the following statement, citing Coolidge, of Professor Whitebread:
the ultimate question when judging whether a certain degree of police involvement in a case is enough to make *1194 the actions of a private citizen those of the sovereign is whether the purposes of the exclusionary rule would be furthered by such a finding.
Criminal Procedure, supra, at 91.
Applying this principle to the facts of this case is especially difficult, because the evidence adduced at the hearing contained inconsistencies and ambiguities on virtually every relevant fact. The testimony was conflicting as to the precise dates that the police talked to Wanda, the number of prescriptions that were recovered and the places from which they were recovered, the manner in which these items eventually came into the hands of the Florissant Police Department, and the content of Wanda Pozywio's conversations with the Florissant Police. Many of defendants' objections to the Magistrate's recommendation challenge his resolution of the factual inconsistencies and ambiguities. This Court has carefully reviewed the transcript of the hearing in this case and this Court agrees with and accepts both the factual and legal conclusions of the Magistrate with respect to the actions of Wanda Pozywio, subject to one noteworthy exception. At page 5 of the Magistrate's review and recommendation he states:
Wanda Pozywio also testified that while she was staying at her daughter's apartment, she routinely picked up the mail on several occasions. On one such occasion she opened a letter from Tosha Piwowar.
This statement is inaccurate in that Wanda was not "staying" at the apartment at the time she opened the letter. It is true that she was routinely picking up the mail at the time she opened the letter. However, the inaccuracy is not significant because it does not change this Court's conclusion that Wanda Pozywio was not acting as an agent of the Government or the Florissant Police when she opened the letter or at any other time. Nevertheless, this Court will briefly consider and reject the arguments of defendants against the Magistrate's recommendation that their motions to suppress the letter and prescriptions be denied.
First, defendant Cova argues that the Magistrate improperly curtailed his cross-examination of Wanda Pozywio on the question of her motive and purpose in obtaining these items. While the Magistrate did sustain several objections to questions concerning Wanda's motive, see Transcript of February 21, 1984, at 38-40, 42-43, 45-46, this Court finds that counsel for defendant Cova succeeded in getting his question answered. Id. at 47-48. Moreover, as discussed infra, Wanda's motive or purpose is not as crucial to the agency question as defendants argue it is.
The primary arguments of defendants, in support of finding that Wanda Pozywio was an agent of the Government, are: 1) Wanda Pozywio's purpose in obtaining these items was to aid in the prosecution of defendant Cova; and 2) the Florissant Police encouraged Wanda Pozywio's conduct. The first argument rests on a line of cases in the Ninth Circuit which hold that "if the only purpose of a private search is to further a government interest, it is subject to the [fourth] amendment." United States v. Krell, 388 F.Supp. 1372, 1374 (D.Alaska 1975). See also United States v. McGreevy, 652 F.2d 849, 851 (9th Cir.1981); United States v. Walther, 652 F.2d 788, 791 (9th Cir.1981); Corngold v. United States, 367 F.2d 1, 4-6 (9th Cir.1966).
There are two alternative and independent reasons for rejecting defendants' argument concerning Wanda's purpose. First, applying the Ninth Circuit's rule does not help defendants because assistance of the Government, while being an intermediary purpose of Wanda Pozywio, was not her sole or only purpose. She testified that she was trying to help her daughter. Moreover, the Florissant Police stated that their purpose in asking Wanda Pozywio to see if there were any other drugs around the apartment, was to aid the doctors in their treatment of Sandra's suicide attempt. The fact that Wanda delivered at least some of the prescriptions to the hospital staff is a further indication that her purpose was to help her daughter and that prosecution of Cova was not her sole purpose.
*1195 The second reason for rejecting defendants' motive argument is this Court's opinion that the motive of the person conducting a private search is not, as the Ninth Circuit has held, a controlling factor. These Ninth Circuit cases derive the "sole purpose" rule from the decision in Gambino v. United States, 275 U.S. 310, 48 S.Ct. 137, 72 L.Ed. 293 (1927). In Gambino the Court dealt with the now-discarded "silver platter" doctrine. See Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960). Under the "silver platter" doctrine, the federal government was barred from using evidence unlawfully seized by state authorities. In Gambino the Court held that evidence seized pursuant to an illegal warrantless search by state police was inadmissible in a federal prosecution where, despite the absence of any evidence of participation by local authorities in the search, the state officers acted solely for the purpose of aiding federal authorities. 364 U.S. at 212-13, 80 S.Ct. at 1441-1442. In the opinion of this Court, Gambino is inapplicable to a private search case. Even if the fourth amendment applies where a private person acts solely to aid a governmental objective, the exclusionary rule does not. The purpose of the exclusionary rule is to deter governmental misconduct. It would not be logical to penalize the government simply because a private person's purpose was to aid the government. The crucial inquiry is the extent and degree of the governmental conduct.
On this question, defendants argue that the Florissant Police encouraged Wanda to do what she did and therefore she was not acting as a private person. The Ninth Circuit correctly stated in Walther, as follows:
While a certain degree of governmental participation is necessary before a private citizen is transformed into an agent of the state, de minimis or incidental contacts between the citizen and law enforcement agents prior to or during the course of a search or seizure will not subject the search to fourth amendment scrutiny. The government must be involved either directly as a participant or indirectly as an encourager of the private citizen's actions before we deem the citizen to be an instrument of the state.
652 F.2d at 791. In the opinion of this Court, the contact between the Florissant Police and Wanda Pozywio in this case was only "de minimis or incidental." Id. The Florissant Police merely suggested that Wanda take note of any other medication in Sandra's apartment so that they could forward the information to the doctors treating Sandra. Their statement was probably based on the totally reasonable assumption that Wanda Pozywio was or would be lawfully present in Sandra's apartment. Florissant Police Officers House and Pruett, as corroborated by Wanda Pozywio, testified that they never asked Wanda to search Sandra's apartment. Moreover, the Florissant Officers expressed an interest in medication, not written prescriptions or letters. Therefore, in the opinion of this court, the acts carried out by Wanda Pozywio were done as a private citizen and were not the result of any governmental involvement. The purposes of the fourth amendment and the exclusionary rule would not be served by suppressing the items in question.
Defendants make several additional arguments in support of their motion. Defendants argue that the prescriptions and the letter must be suppressed because they were seized through violations of state and federal statutes. Without expressing an opinion on whether Wanda Pozywio in fact violated any state or federal laws, defendants' argument must be rejected on the authority of Burdeau v. McDowell, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). Defendants next argue that the government's "acquiescence" in Wanda's delivery of the prescriptions made it an "active partner" in her subsequent seizure of the letter. This argument is without merit because there is nothing in the record which indicates that the Florissant Police knew or should have known that she would open and read her daughter's mail or that the Florissant Police could direct the actions of Wanda to prevent her from so doing. Finally, defendants argue that the government's *1196 acquisition of the prescription and the letter constituted a warrantless seizure and that the government's viewing of the letter constituted a warrantless search. This argument must be rejected on the authority of United States v. Jacobsen, ___ U.S. ___, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984), because the government did not exceed the scope of the private search and seizure and there is no indication that the items were turned over other than voluntarily. See also United States v. Coleman, 628 F.2d 961, 966 (6th Cir.1980).
For the foregoing reasons, defendants' motions to suppress the prescriptions and the letter are denied.

B. Medical Records Seized From Defendant Cova's Office
Defendant Pozywio moved to suppress certain medical records seized from defendant Cova's office pursuant to a search warrant. The testimony at the hearing established that none of defendant Pozywio's medical records were seized in said search. Transcript of February 15, 1984 at 88-9. Thus, defendant Pozywio lacks standing to contest the validity of the search warrant and its execution.
Nevertheless, the Magistrate found that probable cause existed for the issuance of the search warrant and that it was lawfully executed, and recommended that the motion be denied. Defendant Pozywio did not object to this recommendation and this Court accepts the Magistrate's recommendation.

C. Oral Statements Made By Defendant Pozywio to Vernon Oswalt
Defendant Pozywio moved to suppress statements made by her to Vernon Oswalt on August 2, 1983, in her intensive care hospital room. Defendant Pozywio contends that her statements must be suppressed because Vernon Oswalt was acting as a government agent when she made the statements. This argument borders on frivolous. Although Vernon Oswalt accompanied his daughter, Kathy Korte, to the Florissant Police station on August 1, 1983, where she gave a statement regarding defendants' activities, this hardly makes him a government agent. Moreover, at no time did the police ask him to question defendant Pozywio or otherwise assist them in their investigation.
Accordingly, this Court accepts the Magistrate's recommendation to deny the motion to suppress defendant Pozywio's oral statement to Vernon Oswalt. Questions regarding the voluntariness of defendant Pozywio's statement, given the fact that she was in intensive care at the time she made the statements, may be raised during trial. At this time there is no evidence that the statement was involuntary or otherwise made against her free will.

D. Statements of Defendants Pozywio and Cova Obtained Through Electronic Surveillance
Both defendants moved to suppress their own statements which were electronically recorded. According to the Government, all of these statements were obtained during telephone conversations between defendants and Steven Pozywio, the brother of Sandra. The Government further represented that all such surveillance was carried out with the consent of Steven Pozywio. The Magistrate failed to make a recommendation on this motion because neither Steven nor the agent who made the recordings was available to testify as to Steven's consent. Therefore, a ruling on this motion is postponed pending trial testimony as to Steven's consent. The Government shall bear the burden of notifying the Court prior to putting on evidence of electronic surveillance statements, so that the jury may be excused and so that the Court may determine whether Steven Pozywio consented to the electronic surveillance of his conversations with defendants.
Defendant Cova raised several additional arguments which were not addressed by the Magistrate and which can be disposed of without testimony concerning Steven Pozywio's consent. First, defendant Cova argued that Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 *1197 (1964), which held that a defendant may not be interrogated in the absence of his lawyer where prosecution has commenced, should be extended to apply here. See also United States v. Henry, 447 U.S. 264, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980) (post-indictment statements to government informant inadmissible). Defendant Cova admits that Massiah has been limited to post-indictment situations and that the surveillance in question herein occurred prior to indictment. Nevertheless, defendant Cova argues that Massiah should apply where, as here, defendant had retained counsel, the Government knows this, and the Government knows that defendant has refused to be interviewed. This Court rejects defendants' argument because his sixth amendment right to the effective assistance of counsel had not yet attached. Brewer v. Williams, 430 U.S. 387, 398, 97 S.Ct. 1232, 1239, 51 L.Ed.2d 424 (1977) (sixth amendment right to counsel does not attach until "judicial proceedings have been initiated"). Compare Hall v. State of Iowa, 705 F.2d 283, 288-90 (8th Cir.1983) (pre-indictment agreement between prosecutor and defendant's lawyer breached).
Defendant Cova next argues that the surveillance in question constituted a violation of DR7-104(A)(1) by Assistant U.S. Attorney Hale and that the statements must therefore be suppressed. Defendant relies on United States v. Jamil, 707 F.2d 638, 645-46 (2d Cir.1983). This Court rejects defendant's argument for two (2) reasons. First, assuming that DR7-104(A)(1) was violated, that violation alone would not provide a basis for excluding the statements obtained. The exclusionary rule is not a remedy for every evil. There are other appropriate mechanisms to deal with violations of DR7-104(A)(1) by prosecutors, such as disciplinary action. There is no need to elevate DR7-104(A)(1) to the status of a constitutional right and this Court respectfully disagrees with the Second Circuit's implication that the exclusionary rule applies to DR7-104(A)(1) violations. The second reason is that, applying Jamil, defendant Cova has failed to show a violation of DR7-104(A)(1). It appears that the consensual monitoring was coordinated and directed by DEA agents in Indiana. There is no evidence that Hale participated in or had knowledge of the monitoring or that the DEA agents were acting as the alter ego of the United States Attorney.
This Court also rejects defendant Cova's arguments that the surveillance in question violated his first and fourth amendment rights, and that it was so shocking to the "judicial conscience," Rochin v. California, 342 U.S. 165, 72 S.Ct. 205, 96 L.Ed. 183 (1952), as to violate due process standards.
Accordingly, defendant Cova's separate arguments are rejected and the issue of consent shall be decided at trial out of the presence of the jury.

ORDER
Pursuant to the Memorandum filed herein this day, and upon consideration of the record, the Magistrate's review and recommendation, and defendants' objections thereto,
IT IS HEREBY ORDERED that defendant Cova's motion for disclosure of material relating to electronic surveillance be and is denied as mooted by compliance.
IT IS FURTHER ORDERED that defendant Cova's and defendant Pozywio's motions for a bill of particulars be and are denied.
IT IS FURTHER ORDERED that defendant Pozywio's motion to compel discovery be and is deneid as mooted by compliance.
IT IS FURTHER ORDERED that defendant Pozywio's motion to dismiss Counts I, VI and VII of the indictment be and is denied.
IT IS FURTHER ORDERED that defendant Pozywio's motion for issuance of subpoenas at the Government's expense be and is granted.
IT IS FURTHER ORDERED that defendant Cova's and defendant Pozywio's motions to suppress certain handwritten notes be and are denied.
*1198 IT IS FURTHER ORDERED that defendant Cova's motion to dismiss the indictment due to stimulation of pretrial publicity be and is denied.
IT IS FURTHER ORDERED that defendant Pozywio's motion for expert testimony at the Government's expense be and is denied without prejudice to refiling at such time as said defendant supplies the Court with a statement of the amount sought.
IT IS FURTHER ORDERED that the Government's motion for reciprocal discovery be and is denied as mooted by compliance.
IT IS FURTHER ORDERED that defendant Cova's motion to sever defendants or, in the alternative, to sever counts, be and is denied.
IT IS FURTHER ORDERED that defendant Cova's motion to dismiss the indictment or particular counts thereof be and is denied.
IT IS FURTHER ORDERED that defendant Cova's and defendant Pozywio's motions to suppress certain physical evidence obtained by Wanda Pozywio, to-wit a letter from Tosha Piwowar to Sandra Pozywio and certain prescriptions, be and are denied.
IT IS FURTHER ORDERED that defendant Pozywio's motion to suppress certain medical records seized from defendant Cova's office be and is denied.
IT IS FURTHER ORDERED that defendant Pozywio's motion to suppress oral statements made by said defendant to Vernon Oswalt be and is denied.
IT IS FURTHER ORDERED that a ruling on defendant Cova's and defendant Pozywio's motions to suppress statements of said defendants obtained through electronic surveillance be and is postponed pending receipt of testimony at trial, out of the presence of the jury, as to the consensual nature of the surveillance. The Government shall bear the burden of notifying this Court, prior to the time that said testimony will be offered, so that the jury may be excused.
NOTES
[1] An argument could be made that even if Wanda Pozywio was acting as an agent of the Government, the search of the apartment was a lawful consent search. Defendant Cova had given Wanda permission to stay at the apartment. It is irrelevant that Sandra did not or could not give permission, because Cova had such authority as they were living together. Even though she was not staying at the apartment when the searches in question were made, it can be inferred from the fact of this offer, the fact that she went to the apartment several times, and the fact that her relatives were staying at the apartment, that she was in the apartment with the consent of Cova when the prescriptions were found.

Nevertheless, this Court does not expressly hold, and does not interpret the Magistrate's report and recommendation as so holding, that this was a consent search, for two reasons. First, accepting this argument would not validate the search of the letter. Second, and more importantly, the record is inconclusive on the precise location of the prescriptions. Arguably, Cova's consent to be in the apartment did not extend to the entire apartment, such as Sandra's personal belongings, desk drawers, or other places not in plain view or not likely to be entered in the normal course of "staying" at the apartment.